# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Margaret Lockhart<br><br>     Plaintiff,<br><br>v.<br><br>Performant Recovery, Inc.<br><br>     Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Margaret Lockhart, ("Jennifer"), is a natural person who resided in Cedar Rapids, Iowa, at all times relevant to this action.

2. Defendant, Performant Recovery, Inc., ("PRI"), is a California Corporation that maintained its principal place of business in Livermore, California, at all times relevant to this action and resides, for purposes of Jurisdiction within this District.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district in that it is registered to do business with the Illinois Secretary of State, holds multiple Illinois Collection Agency licenses with the Illinois

Department of Financial and Professional Regulation permitting it to collect debt in this District and has been sued and appeared in this District on multiple occasions. See, e.g., *Vision Wine & Spirits, LLC v. Winery Exchange, Inc*., No. 12 Civ. 6677, 2013 WL 1737015, at *2 (D.N.J. Apr. 22, 2013) (finding the statute satisfied where personal jurisdiction can be established either through specific or general jurisdiction).

## STATEMENT OF FACTS

5. Defendant, Performant Recovery, Inc., ("PRI"), uses a predictive dialer system.

6. Before PRI began contacting Plaintiff, Margaret Lockhart, ("Margaret"), it and Margaret had no prior business relationship and Margaret had never provided express consent to PRI to be contacted on her cellular telephone.

7. PRI regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of PRI's revenue is debt collection.

9. PRI is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, PRI contacted Margaret to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Margaret is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, PRI willingly and knowingly used an automatic telephone dialing system to call Margaret on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. In 2013, PRI contacted Margaret on her cellular phone in connection with the collection of the debt.

15. During this communication, Margaret requested PRI cease further calls to Margaret.

16. Despite this request, PRI contacted Margaret on her cellular phone, on numerous occasions.

17. During one communication around January 21, 2014, PRI threatened to garnish Margaret's wages if Margaret did not set up a payment plan.

18. PRI has not garnished Margaret's wages.

19. PRI never intended to garnish Margaret's wages.

20. On or around January 7, 2014, PRI telephoned Margaret's mother, ("Mother"), on Mother's home phone, in connection with the collection of the debt.

21. During this communication, PRI falsely stated to Mother PRI needed to speak with Margaret about a job opportunity.

22. At the time of this communication, PRI already had Margaret's location information.

23. On or around January 14, 2014, PRI contacted Margaret's fiancé, Toby Every, ("Fiancé"), at Fiancé's place of employment in connection with the collection of the debt.

24. During this communication, PRI disclosed to Fiancé that Margaret owed the debt.

25. At the time of this communication, PRI already had Margaret's location information.

26. PRI caused Margaret emotional distress.

27. PRI attempted to collect a debt from Margaret.

28. PRI violated the FDCPA and TCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violations of the Telephone Consumer Protection Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Hyslip & Taylor, LLC LPA


        By:   /s/ Jeffrey S. Hyslip_____
        One of Plaintiff's Attorneys

Date: September 4, 2014

Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Email: jeffrey@lifetimedebtsolutions.com